IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN R. NORRIS and           :
MALISSIA A. NORRIS,         :
                                :
        Plaintiffs,            :
                                :     CIVIL ACTION NO.
        v.                 :     1:05-CV-1346-JOF
                                :
WASHINGTON NATIONAL    :
INSURANCE COMPANY, et al.,  :
                                :
        Defendants.         :

## OPINION AND ORDER

This matter is before the court on Plaintiffs' motion to remand this case to the Superior Court of Fulton County [15]. The court will also address Defendants Washington National Insurance Company and Conseco Services, L.L.C.'s motion to dismiss [7], Defendant Donald Sepulveda's motion to dismiss [17], and Defendant Donald Sepulveda Enterprises, Inc.'s motion to dismiss [18].

I.     **Statement of the Case**

     A.     **Procedural History**

On April 21, 2005, Plaintiffs, John and Malissia Norris, filed this action in the Superior Court of Fulton County, Georgia, against Defendants Washington National Insurance Company ("WNIC"), Conseco Services ("Conseco"), Trustmark National Bank ("Trustmark"),

Arlene Acervedo ("Acervedo"), Donald Sepulveda ("Sepulveda"), Donald Sepulveda Enterprises, Inc., d/b/a Sepulveda Insurance Group ("Sepulveda Enterprises"), Trustmark National Bank ("Trustmark") and three unknown Defendants. On May 17, 2005, Defendants Sepulveda and Sepulveda Enterprises filed their Answers with the Superior Court. On May 23, Defendants WNIC and Conseco (hereinafter the "Removing Defendants") removed the case to the United States District Court for the Northern District of Georgia. On May 31, Removing Defendants filed a motion to dismiss. On June 21, Plaintiffs filed a motion seeking to remand the case back to state court. On June 22, Defendants Sepulveda and Sepulveda Enterprises also filed motions to dismiss. All these motions are before the court.

### B.    Facts

Plaintiffs are citizens of the State of Alabama and residents of Russell County, Alabama. Defendant WNIC is a company organized under the laws of Illinois with its principal place of business also in Illinois. Defendant Conseco is a company organized under the laws of Indiana with its principal place of business also in Indiana. Defendant Trustmark is a company organized under the laws of Mississippi with its principal place of business also in Mississippi. Defendants Acervedo and Sepulveda are both citizens and residents of Georgia. Defendant Donald Sepulveda Enterprises, Inc., is a company organized under the laws of Georgia with its principal place of business in Georgia. (Hereinafter, Defendants Acervedo, Sepulveda and Donald Sepulveda Enterprises, Inc., will be referred to collectively as the "Georgia Defendants.")

AO 72A
(Rev.8/82)

**C.      Contentions**

Defendants removed the case to federal court under the theory that there is diversity of citizenship between Plaintiffs and Defendants other than the Georgia Defendants because Plaintiff had fraudulently joined the Georgia Defendants in an effort to destroy federal court jurisdiction.[1]    Removing Defendants contend that the Georgia Defendants are fraudulently joined because the Plaintiffs' claims against those Defendants are barred by the applicable state statute of limitations.    Removing Defendants contend that because Georgia Defendants were fraudulently joined, the case was properly removed and should not be remanded to the state court.

Plaintiffs aver that this case should be remanded back to the Superior Court of Fulton County, the state court where the action was originally filed, because Removing Defendants have not met their burden of establishing that certain resident Defendants were fraudulently joined.    Plaintiffs assert that the Georgia Defendants were not fraudulently joined because there is a possibility that claims against the Georgia Defendants are not time barred. Moreover, Plaintiffs contend that in order to find fraudulent joinder, this court would have to conduct an impermissible factual inquiry.    Finally, Plaintiffs contend that it would be improper for this court to conclude that the claims against the Georgia Defendants are time barred because such conclusion would be deciding an issue that applies to all Defendants.

---

[1]Removing Defendants do not contend that this case involves a claim or right arising under the Constitution, treaties, or laws of the United States.

3

## II.     Discussion

Because federal courts are courts of limited jurisdiction, they may only hear cases that the Constitution or Congress has authorized.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000).  A case brought in state court may be removed to federal court by any of the defendants if the case could originally have been filed in federal court.  28 U.S.C. § 1441.  Federal courts have original jurisdiction when there is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a).  However, a defendant may not properly remove a diversity case where one of the defendants is a citizen of the forum state.  28 U.S.C. § 1441(b).  Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Here, while there is complete diversity of citizenship among the parties, Defendants Acervedo and Sepulveda are citizens of Georgia, the state in which this action was brought, and Defendant Donald Sepulveda Enterprises, Inc., is deemed a citizen of the State of Georgia for diversity purposes.  Accordingly, under the wording of §1441(b), this action is not removable to the federal court.

However, under limited circumstances federal courts permit the removal of cases where a defendant shows that defendants which defeat diversity jurisdiction have been added

4

fraudulently. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Therefore, if Removing Defendants can establish that the Georgia Defendants have been fraudulently joined and can establish the amount in controversy exceeds $75,000, then this court has subject matter jurisdiction over this action.

Defendants removing cases bear the burden of establishing that removal is proper. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). *Crowe* states:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident Defendant into state court.

*Id.* (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989)). In seeking to determine whether certain defendants have been joined fraudulently, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *Id.* Where there is any doubt concerning whether removal is proper, the court should err toward remanding the case. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1997); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The burden of the removing party is a "heavy one." *Crowe*, 113 F.3d at 1538 (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). In *Crowe*, the Eleventh Circuit said that the removing defendant must show that there is "no possibility" that plaintiff can establish a cause of action against the resident defendant. *Id.* The next year, in *Triggs*, the Eleventh Circuit emphasized that where there is "even a possibility" that a state

5

court would find that the complaint states a cause of action against a resident defendant, the district court must remand the case to state court. *Triggs*, 154 F.3d at 1287.

Plaintiffs' complaint alleges that in 1996 Plaintiffs purchased a health insurance policy from Defendants after Defendants had represented to Plaintiffs that the insurance was a "group" policy and premiums charged to Plaintiffs were the same as those charged to the "group." Complaint, ¶¶ 9, 10. It also alleges that Defendants suppressed or concealed from them that they would be placed in a different tier or category in the event they suffered significant illness or injury and that their premiums would no longer be based on only the bona fide group claims experience and also that they suppressed or concealed the Defendants' alleged decision to stop selling this "group" policy, thereby adversely affecting the makeup of the group. Complaint, ¶ 10. The complaint alleges a number of significant premium increases from December 1996 to June 2000, when Plaintiffs were forced to drop their coverage. Complaint, ¶¶ 12-20. Plaintiff alleges that at no time prior to May 2003 were Plaintiffs informed that those premium increases were based upon factors other than bona fide group claims experience and that Defendants marketed, sold, and serviced the "group" policy so as to actively conceal or suppress how premium increases were calculated. Complaint, ¶¶ 25, 26. The complaint was filed in the Superior Court of Fulton County on April 21, 2005.

The Removing Defendants contend that there is no possibility that Plaintiff can establish any of its stated causes of action against the Georgia Defendants. Removing Defendants aver that all the claims against the Georgia Defendants are time barred by the

6

applicable Georgia statute of limitations.   Specifically, because Plaintiffs claim that the Georgia Defendants are liable for the torts of fraud, fraudulent concealment, and conspiracy, the applicable statute of limitations is four years pursuant to O.C.G.A. § 9-3-31.[2]  The actions of which Plaintiffs complain occurred more than four years prior to their filing of the complaint.   However, in cases of fraud, this statute of limitations begins to run either when the party defrauded discovers the fraud or by reasonable diligence should have discovered the fraud.  O.C.G.A.  § 9-3-96.  *Nash v. Ohio Nat. Life Ins. Co.*, 266 Ga. App. 616, 617-18 (2004) ("the statute of limitation is tolled until such fraud is discovered, or could have been discovered by the exercise of ordinary care and diligence.") (citing *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 847(1998)).   While the duty is on a plaintiff to show that he or she acted with "reasonable diligence" in discovering the cause of action, this is generally a jury question.  *Federal Ins. Co. v. Westside Supply Co.*, 264 Ga. App. 240, 243 (2003).

Here, the initial question before this court is whether Removing Defendants have established that there is no possibility that the four-year statute of limitations did not expire prior to the filing of this complaint.   The court is not convinced that Removing Defendants have met their heavy burden.

---

[2] Removing Defendants  also aver that the court should ignore Plaintiffs' allegations as to an alleged breach of fiduciary duty because under Georgia law, such fiduciary relationship does not exist between Plaintiffs and the Georgia Defendants.

In their complaint, Plaintiffs allege that they did not discover the fraudulent conduct until May 2003.  Specifically, paragraphs 25 and 26 of the complaint state:

25.    The fraud and other wrongs perpetrated upon Plaintiffs were of a continuing nature.  Plaintiffs did not discover Defendants' fraudulent conduct until May of 2003.  It was not until May of 2003 that Plaintiffs learned that the Defendants were calculating their enormous premium increases based upon actors other than bona fide group claims experience.

26.    The Defendants marketed, sold and serviced the "group"policy purchased by Plaintiffs so as to actively conceal or suppress the true nature of the policy and how premium increases were calculated.  At no time prior to May of 2003 were Plaintiffs ever informed by Defendants that the premium increases were based upon factors other than the group claims experience, nor was there anything in the insurance policies, premium increase letters, or the other documents provided to Plaintiffs by Defendants that indicated this.  At no time prior to May, 2003 were Plaintiffs ever informed by Defendants that they had made the decision to cease marketing and selling this "group" health insurance policy, which in turn adversely affected the makeup of Plaintiff's group and caused it to begin a "downward spiral," and further caused Plaintiffs' premiums to be increased by exorbitant and unreasonable amounts, nor was there anything in the insurance policies, premium increase letters, or other documents provided to Plaintiffs by Defendants that indicated this.  And, at no time prior to May, 2003, did Plaintiffs have reason to suspect that the premium increases were based upon factors other than the group claims experience, nor was there anything in the insurance policies, premium increase letters, or the other documents provided to Plaintiffs by Defendants that indicated this.  In fact, the documents provided to Plaintiffs by Defendants indicated that the premium increases were based upon the "group" loss history, especially given the fact that the policy was marketed to Plaintiffs as a "group" policy.

According to the complaint, Plaintiffs believed that the premium increases were based on the group claims experience, and it was not until May 2003, less than two years prior to the filing of the complaint, that Plaintiffs learned that the premium increases were based not on such group claims experience, but rather on the separate experiences of a separate tier of

8

policyholders.    They   alleged   that   Defendants   fraudulently   concealed   this   method   of calculating their premiums.    Given these allegations, and assuming them to be true for purposes of the motion to remand, the court concludes that there is a possibility that the state court would find that as to the fraud or fraudulent concealment claims asserted against the Georgia Defendants, the applicable four-year statute of limitations did not commence to run until May 2003.   This court does not make any determination on the strength of Plaintiffs' allegations or of Defendants' statute of limitations defense.   Rather, it merely concludes that the Removing Defendants have not met their heavy burden of proving that the Georgia Defendants were fraudulently joined.   Therefore, the court finds that Defendants who are residents of the forum state remain, making this court's jurisdiction under diversity improper pursuant to 28 U.S.C. 1441(b).   For the foregoing reasons, the court GRANTS Plaintiffs' motion to remand.

Because Removing Defendants have not carried the burden of proving fraudulent joinder, the citizenship of the Georgia Defendants makes removal to the federal court improper pursuant to 28 U.S.C. §1441(b).   Further, because there is a possibility that in the state court it may be found that Plaintiffs' claims are timely and not barred by the statute of limitations, the Court need not rule on Plaintiffs' alternative argument that where the statute of limitations would bar claims of both the resident and non-resident defendants, fraudulent joinder should not be found.

9

As the court does not have subject matter jurisdiction over this case, the court cannot grant judgment on any of the other motions before the court. Therefore, the court DENIES WITH LEAVE TO RENEW Defendants Washington National Insurance Company and Conseco Services, L.L.C.'s motion to dismiss [7], Defendant Donald Sepulveda's motion to dismiss [17], and Defendant Donald Sepulveda Enterprises, Inc.'s motion to dismiss [18].

**III.   Conclusion**

The court GRANTS Plaintiffs' motion to remand [15]. The court DENIES WITH LEAVE TO RENEW  Defendants Washington National Insurance Company and Conseco Services, L.L.C.'s motion to dismiss [7], Defendant Donald Sepulveda's motion to dismiss [17], and Defendant Donald Sepulveda Enterprises, Inc.'s motion to dismiss [18].

The Clerk of the Court is DIRECTED to REMAND this case to the Superior Court of Fulton County.

**IT IS SO ORDERED** this 30th day of January 2006.


_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

10